UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

KAREN XIMENA VELASQUEZ ROJAS

VERSUS

US DEPT OF HOMELAND SECURITY, ET AL.

CASE NO.  3:26-CV-596 SEC P

JUDGE TERRY A. DOUGHTY

MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of <u>habeas</u> <u>corpus</u> filed on behalf of Karen Ximena Velasquez Rojas, ("Petitioner'), pursuant to 28 U.S.C. § 2241.  Petitioner is an immigration detainee at Richwood Correctional Center in Richwood, Louisiana.  Petitioner challenges the legality and constitutionality of her continued detention.

Petitioner is a native and citizen of Columbia who has been detained since she unlawfully entered the United States on December 18, 2024.  Doc. 1 at 2; Doc. 7 at 5.  On June 25, 2025, Petitioner was ordered removed to Columbia but granted Withholding of Removal under INA § 241(b)(3).  Doc. 7 at 2.  Both Petitioner and the Department of Homeland Security waived their rights to appeal.  Doc. 7-1 at 2.

On or about July 9, 2025, Enforcement and Removal Operations ("ERO") noted that Petitioner's file was prepared for travel. On or about July 31, 2025, Petitioner was informed that the case officer was seeking alternative countries for removal. On or about September 11, 2025, Petitioner's Notice of Removal to Mexico was sent to the facility for service. On or about October 17, 2025, Petitioner's third country removal documents were sent out for service on Petitioner. On or about March 12, 2026, ERO sent an email to schedule a third country removal. On or about April 1, 2026, the deportation officer reached out to the Detention Deportation Officer for guidance on how to proceed with removal. On the same day, ERO Headquarters advised they were actively working with the Department of State and DHS on avenues to remove Petitioner to a third country. Doc. 7-1 at 2.

Because Petitioner establishes there is no significant likelihood of her removal in the reasonably foreseeable future, the petition should be GRANTED.

## LAW AND ANALYSIS

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal. See 8 U.S.C. § 1231(a)(1)(A). However, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States and detention for up to six months is "presumptively reasonable." See Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. Id.; see also 8 CFR § 241.13 (setting forth the Zadvydas procedures). Petitioner bears

the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist.  See Andrade v. Gonzales, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." Idowu v. Ridge, 03-CV-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Petitioner's removal order became final on June 25, 2025.  Petitioner has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies.  See Shengelia v. Ortega, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); see also Altayb v. U.S. Immigration & Customs Enf't, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), adopted by, 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Petitioner has satisfied her initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist.  Petitioner identifies a specific barrier to her repatriation in that she was granted withholding of removal to Columbia, her only country of citizenship.  See Altayb, 2026 WL 550093 *3 (collecting cases).  A Notice of Removal to Mexico on or about September 11, 2025, did not result in Petitioner's removal.  Doc. 7-1 at 2.  Petitioner has now been detained for more than 16 months, including nine months after her removal order became final.  "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701.

The burden shifts to the Government to come forward with evidence of a significant likelihood that Petitioner will be deported in the reasonably foreseeable future. The Government presents a sworn declaration of Acting Assistant Field Office Director Jeffrey J. Colton, which confirms that there was a Notice of Removal to Mexico in September of 2025, but did not result in removal. In March of 2026, an email was sent to schedule a third party removal. In April of 2026, ERO Headquarters advised they were working with the Department of State and DHS on avenues to remove Petitioner to a third county. Doc. 7-1 at 2. No additional countries have been identified for third country removal. Therefore, the Government is no closer to removing Petitioner now than it was in June 2025. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." Nguyen v. Noem, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing Balouch v. Bondi, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that she has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701-02. The record before the court establishes that Petitioner was not removed to Mexico. Doc. 7-1 at 2. There is no evidence that travel documents have been obtained or that a viable third country has been found for removal. It follows that the likelihood of Petitioner being removed in the reasonably foreseeable future is certainly not significant. The Government has failed to meet its burden to refute that assertion.

Moreover, the Government's argument that Petitioner's continued detention is justified because she has not demonstrated that, if released, she will not pose a flight risk is weak. Notably, the Supreme Court found that among the two factors considered by the Government in determining custody and release (flight risk and danger to the community), "the first justification—preventing flight—is weak or nonexistent where removal seems a remote possibility at best." <u>Zadvydas v. Davis</u>, 533 U.S. at 690, 121 S.Ct. 2491. However, generally, "dangerousness" and "flight risk" are not part of the <u>Zadvydas</u> analysis. <u>Id</u>. at 690-92, 121 S. Ct. 2491 (explaining that the Court has "upheld preventive detention based on dangerousness only when limited to especially dangerous individuals and subject to strong procedural protections.").

Accordingly, the court concludes that habeas relief is proper and <u>Zadvydas</u> requires Petitioner's release from her unlawful detention. Petitioner is not entitled to attorney fees as the Fifth Circuit has held that recovery of attorney fees are not available in habeas corpus proceedings. <u>See</u> <u>Barco v. Witte</u>, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **IT IS RECOMMENDED** that the petition be **GRANTED** and Petitioner be released under appropriate conditions.

### OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 27th day of April 2026.

Mark L. Hornsby
U.S. Magistrate Judge